***E-FILED - 2/12/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE WHELAN AVERY, | No. C 03-4233 RMW (PR) |
| Plaintiff, | ORDER GRANTING MOTION |
| v. | TO REMOVE STAY; ORDER |
| | OF PARTIAL DISMISSAL; |
| | ORDER OF SERVICE; |
| LIEUTENANT M.S. CHACON, | DIRECTING DEFENDANTS |
| CORRECTIONAL OFFICER | TO FILE DISPOSITIVE |
| THOMPSON, | MOTION OR NOTICE |
| | REGARDING SUCH MOTION |
| Defendants. | |
| | (Docket No. 32) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On May 22, 2007, the court dismissed plaintiff's complaint with leave to amend, citing specific deficiencies. On June 4, 2007, plaintiff filed a second amended complaint as instructed. Thereafter, plaintiff requested a stay in order to exhaust his claims. The court granted his request. On April 9, 2008, plaintiff filed a motion requesting removal of the stay and re-opening of his case. Plaintiff's motion is GRANTED. The court will order service of the complaint upon defendant Correctional Officer Thompson based on plaintiff's cognizable claims against him, and dismiss the remaining defendants.

///

///

Order Granting Motion to Remove Stay; Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.03\Avery233srv.wpd            1

# DISCUSSION

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See <u>id.</u> § 1915A(b)(1), (2). <u>Pro se</u> pleadings must, however, be liberally construed. See <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B. <u>Plaintiff's Claims</u>

**1.    First Amendment -- Free Exercise of Religion and Free Speech**

Plaintiff maintains that his religious and cultural materials were confiscated and taken from him by Defendant Thompson. He asserts that the taking away of his materials was not related to any penological interest, but was motivated by political bias. He also alleges that he is unable to practice his religion because he needs to study and read the materials in order to practice. Liberally construed, plaintiff states a cognizable claim of a violation of his First Amendment rights to the free exercise of religion and free speech.

**2.    Property Claim -- Fourteenth Amendment**

Plaintiff claims that Defendant Thompson seized and destroyed his religious and cultural materials pursuant to an authorized state procedure, but without any hearing. Liberally construed, plaintiff states a cognizable claim of a violation of his Fourteenth Amendment right to due process.

///

**3.     Eighth Amendment**

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

There is no legitimate subjective expectation of privacy that a prisoner might have in his prison cell and, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. See Hudson v. Palmer, 468 U.S. 517, 525-26 (1984). The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions. See id. at 526. However, this does not mean that a prisoner is without remedy for maliciously motivated searches or calculated harassment unrelated to prison needs. "The Eighth Amendment always stands as a protection against cruel and unusual punishment." Id. at 530.

Plaintiff claims that the taking and destruction of his religious material was unfair and based on the biased views of prison officials. However, even after given an opportunity to amend and cure deficiencies, plaintiff fails to allege any facts demonstrating a malicious or egregious cell search, or such conduct in his property search. See id. Accordingly, plaintiff's Eighth Amendment claim is dismissed for failure to state a claim.

C.     <u>Defendant Lieutenant M.S. Chacon and Doe</u>

Plaintiff's claims against Defendants Chacon and Doe are based on their alleged

1  erroneous responses to plaintiff's inmate grievance appeals.[1]  Plaintiff's claims based on the

2  allegedly improper denial and alleged mishandling of his administrative grievances do not state a

3  cognizable basis for relief because there is no constitutional right to a prison administrative

4  appeal or grievance system.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

      Although the court generally grants leave to amend, this was plaintiff's second opportunity to amend his complaint to cure any deficiencies.  Here, plaintiff has no cognizable claim for the denial of his administrative appeals.  Nor has plaintiff alleged a cognizable claim of denial of access to the courts, because he has been able to pursue his legal claims by filing the instant complaint.  Further, plaintiff does not allege any actions or omissions by these defendants that proximately caused the alleged violations of his constitutional rights described above.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (to state a claim under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights).  Accordingly, Defendants Chacon and Doe[2] are DISMISSED without further leave to amend.

## CONCLUSION

1.    Plaintiff's motion to remove the stay is GRANTED.  The Clerk shall RE-OPEN this case.

2.    Plaintiff's claims against Defendants Chacon and Doe are DISMISSED.

3.    Plaintiff's Eighth Amendment claim is DISMISSED.

---

[1] In his complaint, plaintiff alleges, "Lieutenant Chacon . . . is directly responsible for allowing the constitutional violations to continue upon his opportunity to remedy said violations at admin level . . ."  (Second Amended Complaint ("SAC"), p. 6.)  He continues, "[Defendant Doe] is the defendant unledgable (sic) on informal response of the admin remedy upon signing . . ."  (Id. at 7.)

[2] The use of Doe defendants is not favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them.  Id.  Failure to afford the plaintiff such an opportunity is error.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  Normally, the claim against Doe defendant would be dismissed from this action without prejudice.  However, for the reasons discussed, Defendant Doe is dismissed without leave to amend.

4.	Plaintiff's remaining claims, as described above, are cognizable, when liberally construed.  The clerk of the court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the second amended complaint, all attachments thereto, and a copy of this order upon: **Correctional Officer Thompson** at **CSP - San Quentin, California.**  The clerk shall also mail a courtesy copy of this order and the complaint, with all attachments thereto, to the **California Attorney General's Office**.

5.	No later than **ninety (90) days** from the filing date of this order, defendant shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above, or, within such time, notify the court that defendants are of the opinion that this case cannot be resolved by such a motion.

	a.	If defendant elects to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

	b.	Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.**

6.	Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

	a.	In the event defendant files an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[3]

		The defendants have made a motion to dismiss pursuant to Rule 12(b) of

---

[3] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

   b. In the event defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

   7. Defendant shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

1       8.      The motion shall be deemed submitted as of the date the reply brief is due.  No
2   hearing will be held on the motion unless the court so orders at a later date.
3       9.      All communications by the plaintiff with the court must be served on defendant,
4   or defendant's counsel once counsel has been designated, by mailing a true copy of the
5   document to defendant or defendant's counsel.
6       10.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
7   No further court order is required before the parties may conduct discovery.
8       11.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
9   and all parties informed of any change of address and must comply with the court's orders in a
10  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
11  pursuant to Federal Rule of Civil Procedure 41(b).
12      This order terminates docket no. 32.
13      IT IS SO ORDERED.
14  DATED:  __2/10/09_____        *Ronald M. Whyte*
                                    _____
15                                  RONALD M. WHYTE
                                    United States District Judge

Order Granting Motion to Remove Stay; Order of Partial Dismissal; Order of Service; Directing Defendants to File
Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.03\Avery233srv.wpd        7