*E-FILED - 3/18/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KYLE WHELAN AVERY, | ) | No. C 03-4233 RMW (PR) |
| Plaintiff, | ) ) | ORDER DENYING MOTION |
| v. | ) | TO RECONSIDER |
| CORRECTIONAL OFFICER THOMPSON, | ) ) ) | (Docket No. 34) |
| Defendant. | ) ) |  |

  Plaintiff's "Motion Objection to Defendant Dismissal" (docket no. 34) is construed as a motion for leave to reconsider the court's February 12, 2009 order of partial dismissal and order of service (docket no. 33). Specifically, plaintiff asks the court to reconsider its dismissal of defendants Chacon and Doe.

  Where the court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. See Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 11 v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

In the Northern District of California, no motion for reconsideration may be brought without leave of court.  See Civil L.R. 7-9(a).  Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order.  See Civil L.R. 7-9(b).  Unless otherwise ordered by the court, no response need be filed to a motion under the Local Rule.  See Civil L.R. 7-9(c).

The court finds that the requirements for leave to file a motion for reconsideration are not satisfied in the instant case.  The court's previous order concluded that plaintiff failed to state a cognizable claim for relief against either defendant because plaintiff's allegations appeared to be based on defendants' alleged erroneous denials of his administrative appeals.  Plaintiff asserts that neither defendant Chacon nor Doe should have been dismissed from the action because they were equally at fault as defendant Thompson.  However, plaintiff has not established that there is a material difference in fact or law that exists now as opposed to before, nor has he alleged any new material facts or changes in the law, nor demonstrated a failure of this court to consider material facts.  See Civil L.R. 7-9(b).

In his second amended complaint, plaintiff alleged, "Lieutenant Chacon . . . is directly responsible for allowing the constitutional violations to continue upon his opportunity to remedy said violations at admin level . . ." (Second Amended Complaint ("SAC"), p. 6.)  Plaintiff continued, "[Defendant Doe] is the defendant unledgable (sic) on informal response of the admin remedy upon signing . . ." (Id. at 7.)  Plaintiff stated that defendant Thompson was the one responsible for all property issues in administrative segregation, including confiscated property. (Id. at 8.)  Further, plaintiff noted that defendant Thompson was the one responsible for initially labeling plaintiff's confiscated property "racist." (Id.)  Defendant Doe was named in the SAC as denying plaintiff's final 602 appeal, and agreed with Thompson that the confiscated material was

1  racist in nature. (Id. at 11.)  Although plaintiff alleged that defendant Doe helped create the
2  alleged deprivation, according to plaintiff's factual allegations, defendant Thompson was the one
3  who proximately caused the deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988)
4  (to state a claim under § 1983, a plaintiff must set forth specific facts as to each individual
5  defendant's conduct that proximately caused a violation of his rights).  Similarly, plaintiff's SAC
6  alleged that defendant Chacon agreed with Thompson's assessment that the confiscated material
7  was racist in nature through "his actions in disposition to plaintiff's 602 appeal." (Id. at 16.)

8       Despite plaintiff's objections to the contrary, even liberally construed, plaintiff's
9  allegations in his SAC support the court's original conclusion that plaintiff's claims concerning
10 Chacon and Doe arise only from their roles as reviewers of his 602 appeals.  As such, plaintiff's
11 allegations are not sufficient to establish that the actions of Chacon or Doe *proximately caused*
12 the alleged violations.  See Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir.
13 1999) (upholding dismissal of federal detainee's § 1983 claim against county defendant for
14 allegedly violating his right to prompt appearance before federal judge because county did not
15 have power either to bring detainee before federal judge or to release him, and therefore county
16 could not cause alleged violation).

17      Accordingly, plaintiff's motion for leave to reconsider the court's order dismissing
18 defendants Chacon and Doe is DENIED.

19      IT IS SO ORDERED.
20 DATED: __3/16/09__          /s/ Ronald M. Whyte
21                               RONALD M. WHYTE
                               United States District Judge