1
2
3
4
5                                                    ***E-FILED - 9/30/09***
6
7
8
9                    IN THE UNITED STATES DISTRICT COURT
10                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
12   KYLE WHELAN AVERY,                )     No. C 03-4233 RMW (PR)
                                       )
13            Plaintiff,               )     ORDER GRANTING
      v.                               )     DEFENDANTS' MOTION TO
14                                     )     STAY; DENYING
                                       )     PLAINTIFF'S MOTION FOR
15   M.S. CHACON, et al.,              )     SUBPOENAS; GRANTING
                                       )     PLAINTIFF'S REQUEST FOR
16            Defendants.              )     EXTENSION OF TIME
     _____ )
17                                           (Docket Nos. 43, 57)
18
19        Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42

20   U.S.C. § 1983.  On February 12, 2009, the court ordered service of plaintiff's second amended

21   complaint on defendant Thompson, and dismissed the remaining defendants.  Pending before the

22   court is defendant's motion to stay discovery.  For the reasons stated below, defendant's motion

23   to stay is GRANTED.  Plaintiff's motion for subpoenas is DENIED without prejudice to re-

24   filing.

25        Defendants move for a stay of discovery pending the court's ruling on his motion for

26   summary judgment based on qualified immunity.  Plaintiff claims the motion should be denied

27   because he needs to conduct discovery to prove that defendant is not entitled to qualified

28   immunity.

Order Granting Defendant's Motion to Stay; Denying Plaintiff's Motion for Subpoenas; Granting Plaintiff's Request
for Extension of Time
P:\PRO-SE\SJ.Rmw\CR.03\Avery233staydisc.wpd

1    "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of

2    litigation.'" Saucier v. Katz, 533 U.S. 194, 200 (2001) (quoting Mitchell v. Forsyth, 472 U.S.

3    511, 526 (1985)).  Accordingly, where defendants have filed a motion for summary judgment

4    based on qualified immunity, a court should stay discovery until that threshold question is

5    settled.  Crawford-El v. Britton, 523 U.S. 574, 598 (1998) ("[i]f the defendant does plead

6    qualified immunity, the court should resolve that threshold question before permitting

7    discovery").

8         On September 15, 2009, defendant Thompson moved for summary judgment based on

9    qualified immunity.  The court has not yet ruled on his motion.  Accordingly, defendant is

10   entitled to a stay of discovery against him.

11        Plaintiff argues that he needs discovery to oppose defendant's motion for summary

12   judgment.  Under Rule 56(c) of the Federal Rules of Civil Procedure, a motion for summary

13   judgment should be granted when the pleadings, the discovery and disclosure materials on file,

14   and any affidavits show that there is no genuine issue as to any material fact.  Here, plaintiff is

15   restricted in his ability to survive the motion for summary judgment based on qualified immunity

16   because he cannot conduct discovery to show the existence of a genuine issue of material fact

17   until the question of qualified immunity is resolved.  To remedy this tension between the

18   prohibition on discovery and the standard of review applied by Rule 56, courts have loosened the

19   rules of admissibility regarding affidavits pending the court's ruling on the question of qualified

20   immunity.  See Dimartini v. Ferrin, 889 F.2d 922, 927-28 (9th Cir. 1989) (finding summary

21   judgment inappropriate where discovery has been stayed pending resolution of the qualified

22   immunity motion if all the facts alleged in the affidavits, taken as true, create a dispute of

23   material fact).  Accordingly, plaintiff's argument is not well-taken, and the court GRANTS the

24   motion to stay discovery as to defendant Thompson.

25        Because the court grants the motion to stay discovery, plaintiff's motion for subpoenas is

26   DENIED without prejudice to re-filing once the court addresses the issue of qualified immunity.

27        In plaintiff's opposition, he requests that the court stay ruling on the motion for summary

28

1    judgment because he needs more time to conduct discovery.  The court denies plaintiff's request,

2    but will grant him an extension of time to respond to defendant's motion for summary judgment.

3    Good cause having been shown, the court GRANTS plaintiff an extension of time to file an

4    opposition to defendant's motion for summary judgment.  Plaintiff shall file his opposition to

5    defendant's motion for summary judgment within **60 days** from the filing date of this order.

6    Defendant shall file a reply within **15 days** thereafter.

7           This order terminates docket numbers 43 and 57.

8           IT IS SO ORDERED.

9    DATED:   9/30/09

10                                        RONALD M. WHYTE
                                          United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Defendant's Motion to Stay; Denying Plaintiff's Motion for Subpoenas; Granting Plaintiff's Request
for Extension of Time
P:\PRO-SE\SJ.Rmw\CR.03\Avery233staydisc.wpd      3